UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X

ELYSA KROSMICO,

                Plaintiff,

-against-

JP MORGAN CHASE & CO.,

                Defendant.
------------------------------------------------------X

**OPINION & ORDER**

06-CV-1178 (SJF)

FEUERSTEIN, J.

I.    Introduction

Plaintiff Elysa Krosmico ("Plaintiff" or "Krosmico") commenced this action on February 17, 2006, against defendant JP Morgan Chase & Co. ("Defendant" or "JPMC"), in New York State Supreme Court, County of Queens asserting claims under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"). On March 15, 2006, Defendant removed this action to this Court pursuant to 28 U.S.C. § 1331, and now moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6).[1] Defendant contends that Plaintiff's action is time-barred and that Plaintiff has failed to state a claim upon which relief can be granted. For the reasons set forth below, Defendant's motion to dismiss is denied.

---

[1] Pursuant to Fed. R. Civ. P. 12(b)(1), Defendant also moves for dismissal of Plaintiff's claim under the Americans with Disabilities Act, 42 U.S.C. § 12101. However, Plaintiff expressly concedes that her claims in this matter are limited to claims under the FMLA. (Pl.'s Opp. 1).

1

II. Facts

JPMC employed Krosmico from December 11, 1995, to February 28, 2003, as a collections supervisor at its automobile finance facility in Garden City, New York. Krosmico's daughter, Lauren, suffers from multiple disabilities and by March 2001, Krosmico was no longer able to find anyone capable of caring for Lauren during after school hours, while Krosmico was still at work.

Krosmico sought permission to leave the office at 3:00 PM and to work at home during after school hours to accommodate her need to care for her daughter. JMPC accommodated Krosmico's request for reduced work hours under the FMLA, but denied her request to telecommute.

According to Krosmico, after she began her new work schedule Defendant began to retaliate against her. The retaliation consisted of harassment by, *inter alia*, falsely giving her poor performance evaluations, and denying promotion and transfer opportunities. Krosmico was also accused of failing to comply with JPMC's policies concerning the referral of collection files to outside repossession contractors. Krosmico's employment was terminated on February 28, 2003.

III. Standard of Review

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) should be granted where "it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Cooper v. Parksy, 140 F.3d 433, 440 (2d Cir. 1998). The Court must liberally construe the claims, accept all factual allegations in the

2

complaint as true, and draw all reasonable inferences in favor of the plaintiff. See Koppel v. 4987 Corp., 167 F.3d 125, 128 (2d Cir. 1999). The Court's task "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Levitt v. Bear Stearns & Co., 340 F.3d 94, 101 (2d Cir. 2003) (internal citation omitted). To this end, the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. See Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995). A statute of limitations defense may be raised on a motion to dismiss, provided the basis for the defense "appears on the face of the complaint." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 74 (2d Cir. 1998); Ghartey v. St. John's Queens Hosp., 869 F.2d 160, 162 (2d Cir. 1989).

IV. Analysis

1. Statute of Limitations

Defendant contends that Plaintiff's claim is time-barred. In general, a plaintiff must file a claim under the FMLA no later than two (2) years after the employer's alleged violation. 29 U.S.C. § 2617(c)(1). This limitations period is extended to three (3) years when a plaintiff alleges that the employer's violation was willful. 29 U.S.C. § 2617(c)(2).

From the face of the complaint, it is clear that Plaintiff's claims are time-barred if the two (2) year statute of limitations for non-willful violations of the FMLA applies. However, Plaintiff's complaint indicates that Defendant willfully violated the FMLA. See Compl. ¶ 37 ("The conduct of the defendant was in wilfil [sic] violation of the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq.").

3

When "a plaintiff sufficiently alleges facts supporting the claimed violation of the FMLA, a general averment as to willfulness should be sufficient to trigger the three-year limitations period." Ungerleider v. Fleet Mortg. Group of Fleet Bank, 329 F.Supp.2d 343, 362 (D.Conn. 2004) (quoting Settle v. S.W. Rodgers Co., 998 F.Supp. 657, 66 (E.D.Va. 1998) aff'd, 182 F.3d 909 (4th Cir. 1999) (unpublished table decision)). See also Caucci v. Prison Health Servs. Inc., 153 F.Supp.2d 605, 609 (E.D.Pa. 2001); Edwards v. Ford Motor Co.,179 F.Supp.2d 714, 719 (W.D.Ky. 2001); Honeycutt v. Baltimore County, Maryland, No. 06-0958, 2006 WL 1892275, at *2 (D.Md. July 7, 2006). But see Oparaji v. New York City Dept. of Education, No. 03-CV-4105, 2005 WL 1398072, at *11 (E.D.N.Y. June 14, 2005) (motion to dismiss granted where plaintiff did not sufficiently allege facts supporting the claimed violation of the FMLA). Based upon the complaint, the three (3) year statute of limitations applies. Accordingly, Defendant's motion to dismiss the complaint as time-barred is denied.

2. Failure to State a Claim

Defendant also argues that Plaintiff has failed to state a claim under the FMLA. Courts recognize two distinct types of cognizable claims under the FMLA: (1) interference claims, in which an employee asserts that his employer denied or otherwise interfered with his substantive rights under the Act, and (2) retaliation claims, in which an employee asserts that his employer discriminated against him because he engaged in activity protected by the Act. See Potenza v. City of New York, 365 F.3d 165, 167 (2d Cir. 2004).

It is clear that Plaintiff is pursuing a retaliation claim.[2] See, e.g., Compl. ¶ 26 ("After the defendant granted the plaintiff's request for reasonable accommodation, the defendant began to retaliate against the plaintiff for exercising her rights under the Family Medical Leave Act . . ."); Compl. ¶ 31 ("The retaliation included terminating the plaintiff's employment on February 28, 2003."); Compl. ¶ 36 ("The termination of plaintiff's employment was motivated by discrimination against plaintiff because of her association with her daughter's disability."). In order to make out a prima facie case of retaliation, Plaintiff must establish that: (1) she exercised rights protected under the FMLA; (2) she was qualified for her position; (3) she suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent. Potenza, 365 F.3d at 168.

Defendant argues that "[p]laintiff has not shown and cannot show a causal connection between any statutorily protected activity and her termination." (Mot. 7). However, Plaintiff is not required to demonstrate that there was a causal connection at the pleading stage, but only to set forth a legally cognizable claim.

Plaintiff alleges that she was qualified for the position that she held and that after she began to take leave under the FMLA, Defendant began to retaliate against her. According to Plaintiff, the retaliation consisted of harassment, including falsely giving her poor

---

[2] Plaintiff has not alleged that Defendant interfered with her taking FMLA leave. Further, even if Plaintiff had alleged an interference claim, it would fail. To establish a prima facie case for interference under the FMLA, a plaintiff must establish five elements: (1) that she is an "eligible employee" under the FMLA; (2) that defendants constitute an employer under the FMLA; (3) that she was entitled to leave under the FMLA; (4) that she gave notice to defendants of her intention to take leave; and (5) that defendants denied her benefits to which she was entitled by the FMLA. Geromanos v. Columbia University, 322 F.Supp.2d 420, 427 (S.D.N.Y. 2004). Here, there is no dispute that Plaintiff was granted the FMLA leave she requested. Therefore, Plaintiff cannot satisfy the fifth element of an interference claim.

5

performance evaluations, and denying her promotion and transfer opportunities. Plaintiff was also accused of failing to comply with Defendant's policies concerning the referral of collection files to outside contractors conducting repossession work. Ultimately, Plaintiff's employment was terminated. These allegations are sufficient to allege a retaliatory violation of the FMLA which makes it unlawful for employers to discriminate against employees who have exercised their FMLA rights.

Therefore, Defendant's motion to dismiss for failure to state a claim upon which relief can be granted is denied.

V. Conclusion

For the reasons set forth above, Defendant's motion to dismiss is DENIED.

IT IS SO ORDERED.

_____
Sandra J. Feuerstein
United States District Judge

Dated: October 9, 2006
Central Islip, New York

Copies to:

David M. Lira
595 Stewart Avenue, Suite 510
Garden City, NY 11530

Talee S. Zur
J.P. Morgan Chase Legal Department
One Chase Manhattan Plaza
New York, NY 10081